We'll now move to the next case on the calendar. That's Massaro versus Palladino. Counsel, are you there? Mr. Meehan? Yes, your honor. Okay, there you are. Now I see you. Good. Thank you. Mr. Glasgow? Good morning, your honor. Okay, great. I can see and hear both of you. I hope you can see us as well. You've got 10 minutes aside. Mr. Meehan, you've reserved two minutes for rebuttal, so that gives you eight minutes out of the gate. Okay, you may proceed. Thank you, your honor. May it please the court. The key to the merits appeal here is its procedural posture. Briefly, there is only one claim on which the district court entered judgment. It was by summary judgment, and it was the first claim in the three-count complaint. It was a claim for breach of fiduciary duty in violation of ERISA section 404 A1D. The judgment sets that forth at appendix page 475. The basis for that judgment limited to that one claim was, quote, passing the amendment without unanimous vote. That's the amendment that's in contest here. That's appendix 469 in the opinion footnote three. That same footnote makes crystal clear. Every other theory, every other claim in the case was dismissed, and it was dismissed, the balance of the complaint with the consent of the plaintiffs through the appellees here on the merits appeal. That's at appendix 469, same footnote three. Also, appendix 460, which was docket 36, the supplemental briefing letter that came from plaintiff's counsel below. The defendants here on the union trustee side, our client, appealed only that judgment on the breach of fiduciary duty claim at appendix 476. The cross appeal at appendix 477 was limited to the denial of the attorney's fees. What that means procedurally is as a matter of law under the second circuit's ruling in the Janisse case, where it was held that the trustees in that case were not acting as fiduciaries when they amended the plans at issue there, and that's at 692 F3 227. That same rule of law applies here, meaning that the passage of the amendment that's being contested, whether it was or was not in compliance with the plan documents, cannot be, as a matter of law, a breach of fiduciary duty. Excuse me, in Janisse, and as far as I can see all the other cases, I'm going to ask you to confirm this. Were any of those cases cases in which the trustees were tested? It was argued that their liability was based not on simply amending the plan, but on violating the expressed terms of the plan about how amendments should be done. Yes, your honor, that's my understanding, and we get a detailed review of that, for example, in the district court opinion in the Janisse case, which goes through counts one through four in that complaint in the Janisse case, and I should point out that Mr. Mossoro, Angela Mossoro, who is one of the parties on the employer appellee side here, was a trustee defendant in the Janisse case, and in that case, Mr. Mossoro and others were alleged to have violated the terms of the plan by passing amendments, which, for example, were backdating eligibility criteria for Mr. Mossoro's relatives, conducting trustee meetings in secret, in violation of the plan's procedures, and in violation of ERISA, so there was a lot of wrongdoing alleged there, but as your honor pointed out, all in the context of violating the plan in a variety of ways. Here, the issue that came before the court was whether this plan required a majority vote of the trustees to pass this amendment, which it did receive, and that would be if the amendment was interpreted as simply adding to the quality of the case. In other words, what I'm trying to get at is not just a question of they should have consulted the interests of the beneficiaries before amending the complaint in some way, I'm sorry, the plan in some way, because the sponsors, single or multiple, whoever counts as the sponsor, is allowed to change the terms of the plan, but is that to say that it is not a violation of a trustee's fiduciary duty to do something that is flatly prohibited, assuming, and this goes to the question, of course, that I think is the real merits question here, which is, is unanimity required here, but suppose it were absolutely explicit, no amendments to article three, absent unanimous consent. You're saying that the trustees could purport to pass an amendment in violation of that, and that would be fine, wouldn't violate their fiduciary duties whatsoever. Your honor, I'm saying something a little narrower than that. I am not saying it's a that issue is not in front of this court, because the only claim that was pled was a breach of fiduciary duty. I get it, but you're saying that is consistent with the fiduciary duty, that there is no fiduciary duty on the part of a trustee to comply with the provisions of the plan as they are expressly laid out. They can just disregard whatever is in the plan, not amend it, not change it. They can just disregard a provision of the plan. I'm only saying that, I'm sorry, your honor, and that does not violate a fiduciary duty. It does not violate a fiduciary duty, because they are not acting in a fiduciary capacity when they take those actions. They're acting at a set or function, so they may well be subject to liability on some other basis, but that is not here for us to decide, because no such claim was there. So if we were to agree with you that Janice requires us to send this back, would that then open the door for the employer trustees to amend and pursue a claim under 402b3, the way that was the case, the Curtis Wright case talked about that, and that talks about not only the requirement that you have an amendment plan in place, but there also be compliance with the procedure when amended. I would say, I'm sorry, Mark. Go ahead. The difficulties of the technology, I apologize. I would say no. The reason is they pled three claims. Judgment was entered on one. With their consent, they dismissed the balance of the one claim in front of it, and that vacates the relief, which was the declaration concerning the amendment. They did not file any other claim, and they cannot amend a complaint, which has now been resolved in its entirety with their consent. It's not the end. It's not remand. It's not vacate. It's the end of the case. Reverse. They did not violate their fiduciary duties by assuming that they did, flatly violating the requirement of unanimous consent for certain amendments, and then enforcing their illicit amendment, and it's over because the lawyers pled the wrong claim. Well, I don't want to blame it on lawyers, but it is over. Yes, it should be reversed, and that's the end of the matter, just as happened in Janisse. The exact result happened in Janisse, even though there were these allegations of breach of fiduciary duty, which would mean there should be no attorney's fees because under Hart, there is no success, and of course, we have argued that the case is over. The case is over, and that's the argument that you make in the last two pages of your brief. Your Honor, I see the purpose of oral argument to be to synthesize for the court what we think it all comes down to. We briefed so many things because the other side obviously raised so many issues, most of them in the context of that contempt motion where we frankly can rest on our papers. There was no clear order, and we think the court was correct in that regard. Okay. Well, you've reserved two minutes for rebuttal, Mr. Meehan. Thank you. We'll now hear from Mr. Glasgow for the lawyer trustees. Thank you, Your Honor. Joshua Glasgow. I represent the appellees across the phone for this matter. The Supreme Court in Curtis Wright directly made the distinction that Mr. Meehan is sort of skipping over when we talk about the settler function exception. So in Curtis Wright, the Supreme Court said, this is a quote at 514 U.S. 78, that Curtis Wright amended his plan to deprive respondents of health benefits is not a cognizable complaint under revista. The only cognizable claim is that the company did not do so in a permissible manner, and that's exactly what we have here. Our claim is not that the purported not in the interest of beneficiaries, and therefore breaching the duty of prudence or something like that, but instead that the defendants did not comply with the planned documents in violation of section A1D, and that's a separate fiduciary duty. It comes in addition to the duty of prudence and so forth, and the Supreme Court specifically said in Curtis Wright that when administrators don't sort out bona fide amendments from those that are not, that potentially gives rise to a claim for violation of A1D. But Curtis Wright is not a fiduciary duty case, right? Yeah, so in, that's right, in Curtis Wright, the Supreme Court made this distinction. It then later, the case was eventually remanded to determine whether the amendment did proceed in proper order, but the court does say, plant administrators have a statutory responsibility to do this sorting out, and they cite 29 U.S.C. 1104 A1D. That's exactly the provision that we're citing in Claim 1, because plant administrators do have a fiduciary duty to comply with planned documents. That's a separate duty independent of the duty of prudence. Well, I mean, it seems that Curtis Wright was proceeding under a different, a different statutory prong than what you, what your clients are doing here, right? No, certainly, yeah, the claim that we've brought for breach of fiduciary duty is a, is a claim under that defendants have violated their duty to act in accordance with planned documents. The Supreme Court has said that part of that duty is to sort out bona fide amendments from those that are not. They've also indicated you can bring a cognizable claim that planned documents were not amended in a permissible manner. We think those statements are squarely controlling here. I also just want to point out one statement regarding footnote three. The defendant stated that the district court dismissed the second and third claims, and that's not accurate. In footnote three, Joint Appendix 469, the court stated that it need not decide claims two and three, given that it was granting relief on the first claim. You know, this happens fairly frequently. The district court decided the first claim, the same relief was requested on all three claims, and so there was no practical reason to decide claims two or three. At no point, the district court did dismiss those claims. Well, but you, you consented to that, right? I mean, you, you, there's a final, is there a final judgment here? I guess that's the question. You brought three causes of action. The court ruled on one, didn't get to the other two, and you didn't challenge that, right? Right. The district court essentially concluded that there was no reason to reach the other, the second and third claims, but if this court were to reverse on claim one, there would be a reason to reach claims two and three. But Mr. Breska, what does the judgment say about the remaining claims in the complaint? Were they left open? In which case, maybe we don't have appellate jurisdiction, or are they dismissed? I simply said, in order to judge the plaintiff's motion for a preliminary injunction, summary judgment is granted in part and denied in part. They're granted summary judgment in their first claim. But I think that the basis for not addressing the second and third claims would clearly be eliminated if this court were to reverse on claim one. And on claim one, on the merits question, the question before this court is fairly straightforward. It's whether the vote on the purported amendment was, quote, a decision of the board of trustees that would change the manner in which trustees are appointed. And we think the district court ruled correctly in holding that it was. To do this analysis, the court simply needs to look at the manner of appointment that preceded the purported amendment and the manner of appointment that followed. But before we go there, I just, I'm sorry. I mean, so we had a discussion a moment ago with Mr. Meehan where he said, basically, this is over if we reverse based on Janice. I think what you're saying then is because there's these two other causes of action that were pled in the alternative that weren't reached, but nonetheless were dismissed, that if we were to vacate, or if we were to reverse the district court on the one claim that was decided, those other two start again in the district court. Is that what you're saying? Yeah, so the plaintiff said that if you're granting summary judgment on claim one, because we're requesting the same relief on all three claims, there's no practical reason to address claims two and three. Just grant us the relief on claim one and we'll go on our way. If this court were to vacate the relief that was granted on claim one, then the basis for not addressing claims two and three is no longer present, and those claims should be resolved by the district court. There was no, you know, certainly no findings by the district court that those claims were in any way defective, and certainly no statement by plaintiffs that were dropping those claims regardless of whether we obtained relief on claim one. All right, go ahead. So, and so on the merits, you know, it's quite clear. Preceding the purported amendment, the manner by which employer groups appointed trustees was by their own procedures. After the purported amendment, for the vast majority of potential nominees, the nominee would have to petition the existing board and could only be seated if they obtained unanimous consent. There are also some contextual bases that support that plain text reading. Both the purported amendment itself and the provisions of the trust agreement that they sought to replace specifically say that trustees are appointed, quote, in the following manner. The unanimity requirement is found in the trust agreements at Article 10, Section 1, so that it applies to changes in the manner in which trustees are appointed as required in Article 3, Section 3, and that's the very section that the purported amendments changed. Defendants have argued that the unanimity requirement doesn't apply because the purported amendment also considered qualifications, but at the very worst, the argument is that it changed both the manner of appointment and qualifications. The unit of analysis that the trust agreement provides is a decision, and the decision here was the vote on the purported amendment. There were not two decisions, one on manner and one on qualifications. There's really no reason to think that the purported amendment would pass if it had been split into two votes. That would be pure speculation. In terms of the defendant's severability argument, the severability clause of the trust agreement applies only to provisions in this trust agreement, so that the severability analysis that they're arguing here would put the cart before the horse. To determine whether the severability clause applies, you first have to determine whether the purported amendment became part of the trust agreement, and based on the plain language of the purported amendment, it did not. On the attorney fee issue, the district court provided one reason for denying fees. It stated that defendant's position was colorable and non-frivolous, and that runs squarely contrary to this court's decision in Donati. There, the court stated that treating the absence of bad faith as the most salient factor was an error of law, and therefore at a person's discretion. Didashi also explains that a plaintiff who obtained some success on the merits ordinarily should be awarded fees in an arrest of action absent some particular justification for not doing so. The potential particular justifications are set forth in the Chambliss case, the five Chambliss factors, the first and fourth of which we then strongly weigh in our favor. Well, and Mr. Chase on this, if we agreed with you that the district court did not, did only a truncated analysis, the remedy there would be to send it back and have the judge analyze all the factors, right? I mean, you can say, you really think, you don't really think that we're gonna on our own decide what all those, how all those factors play out and award attorney's fees. Right, now the court certainly has the authority to do that, but yes, remand would be the likely result. And just to follow up on one other thing, if we agreed with Mr. Meehan that the district court awarded relief that it could not grant because this is just not a fiduciary matter, the attorney's fee issue and the contempt issue would both become moot, wouldn't they? Because maybe you'll still win if Mr. Meehan is wrong about what the consequences of that are and you send it back. But all of the things that you say flow from the judgment that was entered, that judgment, if that judgment turns out to be vacated, that's the end of the cross appeal too, right? So certainly we would no longer be a party that obtained some success on the merits for the court to vacate on the first issue. On the second issue, a party can be held in contempt for violating a court order that is subsequently vacated if they violated that order. I guess that's right, but this is a case where the judge who issued the judgment didn't think that he had issued a clear order in the form of an injunction. That makes it a little difficult, doesn't it, to say that the objects of the order that the district court didn't think it entered should have clearly known that they were acting in violation of a court order? Sure. So I think the record shows that defendants did in fact know, right? So that the defendants argued squarely to the district court that the plaintiffs would be able to seat trustees as a result of this order. They repeated this multiple times in their briefing, in special appendix 207, 214, 216, 203. There's no question that they viewed the district court's order as permitting plaintiffs to seat their trustees. And they decided that they were not going to comply with that order. They decided that they would continue to block trustees who were validly appointed for the very same reasons identified in the purported amendment. You know, we don't have to speculate about why they blocked these trustees. They all submitted declarations stating that they concluded Mr. Logan was not an eligible nominee because he was not an employer or equity, sorry, an employee or an equity holder of a contributing employer. That language appears nowhere in the trust agreements, but it does appear in the purported amendment. So we think there's a clear record that the defendants understood that they were not able to take the actions. They took them anyway. And they explained why they took them. They took them because they were enforcing the qualifications that were contained in the invalidated order. And respectfully, I think the district court sort of lost the forest for the trees. You know, the summary judgment order specifically says the purported amendment is invalid. It says it repeatedly. There's no reasonable reader who could view that document. Can you be held in contempt of a declaratory judgment? As opposed to in contempt of an order directing you to do something? No. In order to be held in contempt, the order has to carry injunctive relief. And the definition here is somewhat circular. But an injunction is an order directed to a party, enforceable by contempt, and designed to record or protect some or all of the relief sought by it. So I understand there's an argument that you're making that the district court sort of messed up and should have issued a permanent injunction, not a preliminary injunction in light of this order. But the judge seems to think that he did not enter an injunction. And certainly there is no order that I can see, and maybe I'm missing something in the record, that takes the form of an injunction that says the court hereby orders the defendants to seat Mr. Palladino or to seat Mr. Logan or to seat whoever the employers want. No, that's correct. We're relying on the summary judgment order. And the context here also is that the defendants saw a stay in a TRO and that the stay in TRO were denied. And so in terms of their subjective understanding, which I think is very good evidence of the objective import of the order, clearly the parties understood that the actions the defendants took were not appropriate. All right. Okay. Thank you. We'll now hear two minutes of rebuttal from Mr. Meehan. Thank you, Your Honor. Just very briefly on the contempt. There's a lot of allegations that flew back and forth. There were no factual findings. There's no record whatsoever on which contempt could be held. It would have to be remanded, but it should not be remanded because, as Judge Lynch was pointing out, there is no injunction here. There's simply the summary judgment order, which did not enjoin anyone from anything. It made a declaration. And the appellees, or I'm sorry, the appellants on that side, the employer side, are really conflating the existing criteria in the trust, which are subject to interpretation, and this amendment, which intended to add some. And I think our papers lay that all out. Suppose we disagree with you about the fiduciary issue and suppose we disagree with you and decide that the summary judgment should be affirmed on – so the judgment is now affirmed. But suppose we do agree with you there's no contempt because there's been no injunction. Do we have the authority and should we remand this to the district court so that it may enter an injunction? Because it seems to me that if we were to disagree with you and affirm the order, based on what you did after the district court's decision, you're just going to go right on doing what you want to do. And to heck with us and to heck with the district court. So don't – wouldn't it make sense now, if the judge was right in the first place and in some sort of exercise of discretion, to say, well, look, I've told them what the law is. I'm sure they'll comply with the law. We don't need an injunction. Hasn't it now been demonstrated that there does need to be an injunction, assuming that the summary judgment is affirmed? No, sir. Is there any reason to think you're going to comply if we affirm your judgment? There's every reason to believe, Your Honor, because our clients have complied. There is no – I would say there's no record of a noncompliance. Again, they are conflating the existing criteria, which there is a duty to continue to evaluate with the amendment, which has some overlap. So there's a factual dispute there. And I would – and so there was no finding of contempt, and what counsel is arguing is that the actions that took place constitute an effort to continue to enforce the amendment. There are different, already existing criteria for evaluating trustees. It's those existing criteria which have formed the basis of the actions. So it's not – so it would need to be remanded for a conclusion as to what took place, the defenses, credibility. There'd have to be a trial on it. So what was the reason, by the way, that these employer trustees were not seated, if the reason is not that they don't conform to the language – they are not qualified under the language of the amendment? Because, Your Honor, I would say there's a whole host of issues, most of them outside the record. I just want to know, is there any – is there anything at all that could be put in the record? Just tell me what it is, other than that they don't qualify under the terms of the amendment, that is a reason for – that could be the subject of a hearing. What is the reason that might be proffered why these people were not seated? That – Your Honor, that issue is currently being arbitrated. There was an arbitration that was to take place to resolve all of those issues. The employer side aborted the arbitration. We filed a lawsuit back in the same district court with Judge Sinatra to compel the arbitration. We have now entered into a stipulation with Mr. Massaro as the only currently sitting acknowledged trustee on the employer side, and we are going to arbitration, and arbitration has been selected, and submissions in that arbitration are about to occur. So what is – okay, so what is it that's going to be arbitrated? I'm still trying to find out, what is the substantive reason why these folks weren't seated? The issue – and the issue to be arbitrated is the existing criteria under the trust by which the parties disagree over how to interpret and implement those criteria, and there is some overlap between the existing criteria and the amendment. The amendment adds criteria in addition. So what's being arbitrated is whether, in essence, as a practical matter, whether the positions that the union trustees have been taking in terms of saying that certain individuals do not qualify are consistent with the trust documents. That issue is now being resolved, and again, outside the – Which qualification? Because I thought the only qualification was that the people be familiar with the investment policies and that sort of thing. Well, and it goes – Is that what it is? It's that, but it goes beyond that, and there is an interpretation which has now been teed up and agreed pursuant to that lawsuit that we filed in the district court that would be arbitrated over whether it is a correct interpretation of the existing trust that you must be an employee or equity holder of an employer. That's the exact issue that's being arbitrated, and that's the issue that's being conflated here for the amendment. And if I may, in 10 seconds – Okay. So you're saying, in effect, that the – At most made explicit, something that you say or are going to tell the arbitrator is implicit already in the pre-amendment document? That's correct in part, Your Honor. We are saying two things. The amendment did exactly what Your Honor just asked me. In addition, it imposed additional requirements beyond the existing. So it interpreted the existing requirements in a way that we are now arbitrating over are we correct on that interpretation, and it added – Okay. I understand your position. Thank you. Okay. If I may have 10 seconds simply to say, the issue in front of this court is not was the amendment passed pursuant to the planned procedures, but was it a fiduciary duty if it was not passed properly, a breach of fiduciary duty. And nothing was reserved. If you look at Appendix 460, this was the supplemental letter coming from counsel when Judge Sinatra indicated he was intending to declare the amendment invalid under that first claim, the complaint. The counsel were asked on both sides, was there anything else in effect that the court needed to do? And counsel for appellees indicated that there was the request for preliminary injunction was moot and, quote, there is no need for the court to reach the merits of the second and third claims, end quote. They didn't give a reason. They didn't say you don't need to go there because they simply said you don't need to do it. The district court didn't do it. There is no entry of any finding or ruling other than dismissal. And so I come back to my opening point. If you reverse, as we ask you to, it is open. I think I want to explore that, though. I mean, there's three causes of action, right? Two ERISA claims and an LMRA claim. There's the same relief as to all three. The judge grants summary judgment on one of the ERISA claims. And so the plaintiffs say, all right, well, then that's good enough for us. We'll take it. If we reverse on that ERISA finding, your view is that they don't get another crack at claims two and three? My answer is twofold, Your Honor. No, they don't get another crack because they agreed to the dismissal. And two, if the court looks carefully at the complaint in the appendix, you know, which is, I think, the first document after the index, the three claims are very distinct in what they plead. Yes, they do rely, as all complaints typically do, on the same factual background. But it is the third claim alone that articulates the LMRA issues. The first claim does not have that focus at all. So the claims as they pledged them based upon the same factual assertions differ widely, invoke different principles, different concepts of law, and different forms of relief. Then you end up with a wherefore clause, which ticks off a variety of requests. But it is quite clear that all that the first count implicated on the single issue that Judge Sinatra addressed, and he was clear, he was addressing one issue, not even an entirety of a claim. All that flowed from that was the declaration and then, of course, the request for attorneyship. So that would be our view, Your Honor, is that it would be over because they did not preserve those claims. They let them go. Now, could they do something at this point going forward? I'm not going to advise them, but as to this lawsuit, it is over, just as it was over in Genesee. Thank you. Thank you very much for your decision.